UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGINA WILLIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 13-CV-4385 |
| CHICAGO POLICE OFFICERS | ) |
| K.A. OTTEN, M.J. KASPUT, and | ) Judge John W. Darrah |
| the CITY OF CHICAGO, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

On June 6, 2013, Regina Willis filed suit against Defendants City of Chicago, Chicago Police Officer K.A. Otten, and Chicago Police Officer M.J. Kasput. In the Complaint, Willis alleges the following claims: (I) excessive force under 42 U.S.C. § 1983, (II) failure to intervene under 42 U.S.C. § 1983, (III) a state-law claim for assault, (IV) a state-law claim for battery, (V) an indemnity claim, (VI) a claim of *respondeat superior* liability against the City, and (VII) negligent training and supervision of the police officers. The City of Chicago moves to dismiss Count VII of the Complaint, the claim of negligent training and supervision. This Motion has been fully briefed. For the reasons provided below, the City's Motion is granted.

### BACKGROUND

The following facts are drawn from the Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010).

Willis is a United States citizen who resides in the Northern District of Illinois. (Compl. ¶ 4.) Defendant Officers Otten and Kasput are present or former employees of the City of

Chicago Police Department. (*Id.* ¶ 5.) The City is a municipal corporation incorporated under the laws of the State of Illinois and employs Defendant Officers. (*Id.* ¶ 6.)

On July 15, 2012, Willis and her family were at Rainbow Beach Park in Chicago, Illinois. (*Id.* ¶ 7.) Willis was listening to music from her car radio when Defendant Officers approached her and demanded she lower the volume of her music. (*Id.* ¶ 8.) Defendant Officers requested Willis's identification, and she declined to provide it. (*Id.* ¶ 9.) Defendant Officers informed Willis they would impound her car due to the noise violation. (*Id.* ¶ 10.)

Willis sat down in her car, and Defendant Officers forcefully pulled her from the car and handcuffed her. (*Id.* ¶¶ 11-12.) After handcuffing Willis, Officer Kasput struck her to the ground. (*Id.* ¶ 13.) Then, Defendant Officers threw Willis in their squad car, causing her to bump her head. (*Id.* ¶ 14.) As a result of Defendant Officers' actions, Willis suffered a contusion to her left brow, swelling and bruising to her left eye, and swelling and bruising to both of her arms. (*Id.* ¶ 15.)

In Count VII of the Complaint, Willis alleges that on and before the date of the incident, the City breached its duty of reasonable care with respect to the training and supervision of the Police Department and its officers. (*Id.* ¶ 44.) Specifically, Willis asserts the City failed to properly train and supervise Defendant Officers in the manners of: proper use of force, proper de-escalation techniques when dealing with ordinary citizens, proper community care-taking functions and techniques, control techniques during disagreements with citizens, and anger management. (*Id.* ¶ 45.) Willis further alleges the City acted willfully and wantonly by "covering up their assaults and batteries" and by condoning "a code of silence among police officers that leads to the cover up of assaults and batteries." (*Id.* ¶¶ 47-48.) The City asserts that Count VII should be dismissed because Willis failed to state a claim pursuant to Fed. R. Civ. P.

12(b)(6) and because the claim is barred by the Illinois Local Governmental and Governmental Employees Tort Immunity Act. (Mot. at 1.)

## LEGAL STANDARD

To properly assert a claim in a complaint, the plaintiff must present "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought." Fed. R. Civ. P. 8. Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a court is to accept all allegations contained in a complaint as true, this principle does not extend to legal conclusions. *Iqbal*, 129 S. Ct. at 1949.

A defendant may file a motion to dismiss a claim under Federal Rule 12(b)(6) for failure to state a claim upon which relief may be granted. To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949.

However, "[w]here the well-settled pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)). For a claim to be plausible, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556).

## ANALYSIS

### *Failure to State a Claim*

#### Willful and Wanton Conduct

First, the City moves to dismiss Count VII of the Complaint on the basis that Willis has failed to adequately state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Willis contends she adequately pled the claim by asserting duty, breach, and causation with respect to the City's training and supervision of Defendant Officers. However, the Complaint specifically alleges that the City acted willfully and wantonly in failing to properly train and supervise its officers.

"A claim for willful and wanton supervision requires a plaintiff to put forth a course of action demonstrating 'an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property.'" *Beasley v. Cichy*, Case No. 13 C 1281, 2013 WL 6123166, at *2 (N.D. Ill. Nov. 20, 2013) (quoting 745 ILCS 10/1-210). To establish conscious disregard, a plaintiff must show that a defendant knew or should have known its employee behaved in a dangerous, otherwise incompetent manner and failed to exercise ordinary care to prevent it. *Beasley*, 2013 WL 6123166, at *2 (quotation omitted). In the Complaint, Willis fails to allege any deliberate intent or conscious disregard with respect to the City's supervision and training of Defendant Officers. Beyond using the words "willful and wanton," Willis has not pled any facts which would permit a reasonable inference that the City is liable under Count VII of the Complaint. Therefore, this claim is dismissed on that basis.

#### *Monell* Claim

Willis also appears to assert a *Monell* claim within Count VII of the Complaint, alleging that the City has created the Independent Police Review Authority, "but in actuality and purpose

4

serves to protect officers by covering up their assaults and batteries." (Compl. ¶ 47.) Willis further asserts that the City "condones a code of silence among police officers." (*Id.* ¶ 48.) When a custom, policy, or practice of a municipality inflicts injury, that municipality may be liable. *Monell v. Dep't. of Social Services*, 436 U.S. 658, 694 (1978). However, simply alleging that the City condones a code of silence with nothing further is insufficient to state a claim under Fed. R. Civ. P. 12(b)(6). Here, because Willis has failed to put forth enough facts to raise a reasonable expectation that discovery will reveal evidence of the City's condoning a code of silence, this claim fails under Rule 12(b)(6). *Brooks*, 578 F.3d at 581.

*Immunity*

Finally, even if Willis had sufficiently stated a claim under Rule 12(b)(6), which, for the reasons provided above, she has not, the City contends it is entitled to immunity under the Illinois Local Governmental and Governmental Employees Tort Immunity Act. That Act provides:

> (a) Except as otherwise provided in this Act, neither a local public entity nor a public employee who undertakes to supervise an activity on or the use of any public property is liable for an injury unless the local public entity or public employee is guilty of willful and wanton conduct in its supervision proximately causing such injury.
>
> (b) Except as otherwise provided in this Act, neither a local public entity nor a public employee is liable for an injury caused by a failure to supervise an activity on or the use of any public property unless the employee or the local public entity has a duty to provide supervision imposed by common law, statute, ordinance, code or regulation and the local public entity or public employee is guilty of willful and wanton conduct in its failure to provide supervision proximately causing such injury.

745 ILCS 10/3-108. Under the Act, "willful and wanton conduct" entails "a course of action which shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property." 745

5

ILCS 10/1-210. As discussed above, beyond invoking the phrase "willful and wanton," Willis's Complaint fails to sufficiently allege any willful or wanton conduct on the part of the City with respect to the training or supervision of its officers. Thus, the City is entitled to immunity as to Count VII of the Complaint.

**CONCLUSION**

For the reasons set forth above, the City of Chicago's Motion to Dismiss Count VII [20] is granted, and Count VII of the Complaint is dismissed with prejudice. *See James Cape & Sons Co. v. PCC Construction Co.*, 453 F.3d 396, 400-401 (7th Cir. 2006) (find district court did not abuse its discretion in dismissing claims with prejudice where plaintiff did not request leave to amend).

Date: December 19, 2013

                                                  JOHN W. DARRAH
                                    United States District Court Judge